Jordan A. Kroop (#018825)
JKroop@perkinscoie.com
Bradley A. Cosman (#026223)
BCosman@perkinscoie.com
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000

Attorneys for Creditor AEI Exchange Services, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STAR BUFFET, INC.,<br><br>                      Debtor. | Chapter 11<br><br>Jointly Administered<br><br>Case Nos.:  2:11-bk-27518<br>                    2:11-bk-27713 |
| In re:<br><br>SUMMIT FAMILY RESTAURANTS, INC.,<br><br>                      Debtor. | **RESPONSE TO DEBTORS' CLAIM OBJECTIONS** |

AEI Exchange Services, Inc. ("**AEI**") operates as administrator for the owners of two separate real properties which were formerly leased by, and guaranteed by, the above-captioned Debtors. The two properties comprise 330 South Wilmot Road, in Tucson, Arizona (the "**Tucson Location**"), and 1528 Eubank NE, in Albuquerque, New Mexico (the "**Albuquerque Location**").  AEI submits this response to the Debtors' Objection to Proof of Claim Nos. 40 and 41 in case number 11-27518 and Nos. 9 and 10 in case number 11-27713 [doc. 371].

## FACTUAL BACKGROUND

### A.     The Tucson Location, Lease, and Guarantee.

The Tucson Location is owned by a group of entities and was originally leased to JB's Restaurants, Inc. ("**JB's**") pursuant to a *Net Lease Agreement* dated June 16, 1993 (the "**Tucson Lease**").[1] A copy of the Tucson Lease is attached as Exhibit A to the *Declaration of Patrick Keene in Support of Response to Claim Objection* (the "**Keene Declaration**"). JB's sublet the property to HTB Restaurants, Inc. pursuant to a *Sublease Agreement* dated June 16, 1993; however, JB's retained liability under the lease. *See* Tucson Lease, Article 7(E).

In or about April 1995, JB's became Summit Family Restaurants, Inc. ("**Summit Family**"). *See* Exhibit B to the Keene Declaration (Letter dated February 18, 1998) and Exhibit C to the Keene Declaration (Restated Certificate of Incorporation of Summit Family Restaurants Inc.). Thus, Summit Family became the lessee of the Tucson Lease, as evidenced by that certain *Amendment to Net Lease Agreement* with an effective date of January 1, 2008, a copy of which is attached as Exhibit D to the Keene Declaration.

In addition, after Summit Family became lessee, Star Buffet agreed to guarantee Summit Family's obligations under the Tucson Lease under terms of the *Guarantee of Lease* with an effective date of January 1, 2008 (the "**Tucson Guarantee**"). A copy of the Tucson Guarantee is attached as Exhibit E to the Keene Declaration. By virtue of the lease amendments and Tucson Guarantee, both Star Buffet and Summit Family are liable for the obligations owed under the Tucson Lease.

The Tucson Lease expired by its own terms on January 31, 2011, prior to the filing of the bankruptcy cases.

---

[1]     AEI is the authorized administrator for the owners of the Tucson Location.

Case 2:11-bk-27518-BKM    Doc 456   Filed 06/02/14   Entered 06/02/14 13:43:37   Desc
Main Document    Page 2 of 8

AEI filed claims arising from the Tucson Lease in both the Summit Family bankruptcy case (on account of Summit Family's obligations as lessee), and the Star Buffet bankruptcy case (on account of Star Buffet's guarantee obligation. Specifically, AEI filed proof of claim no. 40 in case number 11-27518 (the "**Star Buffet Claim No. 40**") and proof of claim no. 9 in case number 11-27713 (the "**Summit Family Claim No. 9**," and together with the Star Buffet Claim No. 40, the "**Tucson Lease Claims**") relating to the $128,079.73 owed under the Tucson Lease. The statement of claim attached to the Tucson Lease Claims itemizes and quantifies the amount owed under the Tucson Lease. For the Court's convenience, a copy of the statement of claim is attached as <u>Exhibit F</u> to the Keene Declaration. AEI has continued to incur attorneys' fees and costs enforcing the Tucson Lease since the filing of the Tucson Lease Claims. See Keene Declaration, ¶ 7. These are recoverable under sections 19(D) and 24 of the Tucson Lease. AEI will file amended proofs of claim within 10 days of entry of an order approving the Tucson Lease Claims to include both this amount and the reasonable fees and costs AEI continues to incur in defending the Tucson Lease Claims.

The Debtors objected to the Tucson Lease Claims on the bases that (A) the Tucson Lease Claims do not exist against the Debtors, but are instead claims against one or more subsidiaries of the Debtors, (B) the Tucson Lease Claims exceed the cap found in 11 U.S.C. § 502(b)(6), and (C) the Tucson Lease Claims lack supporting documentation or sufficient explanation. In addition, the Debtors objected to the Star Buffet Claim No. 40 on the basis that it is duplicative of one of the Albuquerque Claims (defined below).

## B. The Albuquerque Location, Lease, and Guarantee.

Similar to the Tucson Location, the Albuquerque Location is owned by a group of entities and was originally to JB's pursuant to a *Net Lease Agreement* dated September 30, 1993 (the "**Albuquerque Lease**").[2] A copy of the Albuquerque Lease is attached as <u>Exhibit G</u> to the Keene Declaration. JB's sublet the property to HTB Restaurants, Inc. pursuant to a *Sublease Agreement* dated September 30, 1993; however, JB's retained liability under the lease. *See* Albuquerque Lease, Article 7(E).

In or about April 1995, JB's became Summit Family. <u>See</u> <u>Exhibits B</u> and <u>C</u>. Thus, Summit Family became the lessee of the Albuquerque Lease, as evidenced by the *Amendment to Net Lease Agreement* with an effective date of January 1, 2008, a copy of which is attached as <u>Exhibit H</u> to the Keene Declaration.

In addition, after Summit Family became lessee, Star Buffet agreed to guarantee Summit Family's obligations under the Albuquerque Lease under terms of the *Guarantee of Lease* with an effective date of January 1, 2008 (the "**Albuquerque Guarantee**"). A copy of the Albuquerque Guarantee is attached as <u>Exhibit I</u> to the Declaration. By virtue of the lease amendments and Albuquerque Guarantee, both Star Buffet and Summit Family are liable for the obligations owed under the Albuquerque Lease.

The Albuquerque Lease expired by its own terms on January 31, 2011, prior to the filing of the bankruptcy cases.

AEI filed claims arising from the Albuquerque Lease in both the Summit Family bankruptcy case (on account of Summit Family's obligations as lessee), and the Star Buffet bankruptcy case (on account of Star Buffet's guarantee obligation. Specifically, AEI filed proof of claim no. 41 in case number 11-27518 (the "**Star Buffet Claim No. 41**") and proof

---

[2] AEI is the authorized administrator for the owners of the Tucson Location

of claim no. 10 in case number 11-27713 (the "**Summit Family Claim No. 10**," and together with Star Buffet Claim No. 41, the "**Albuquerque Lease Claims**") relating to the $146,546.92 owed under the Albuquerque Lease. The statement of claim attached to the Albuquerque Lease Claims itemizes and quantifies the amount owed under the Albuquerque Lease. For the Court's convenience, a copy of the statement of claim is attached as <u>Exhibit J</u> to the Keene Declaration. AEI has continued to incur attorneys' fees and costs enforcing the Albuquerque Lease since the filing of the Albuquerque Lease Claims. See Keene Declaration, ¶ 11. These are recoverable under sections 19(D) and 24 of the Albuquerque Lease. AEI will file amended proofs of claim within 10 days of entry of an order approving the Albuquerque Lease Claims to include both this amount and the reasonable fees and costs AEI continues to incur in defending the Albuquerque Lease Claims.

The Debtors objected to the Albuquerque Lease Claims on the basis that (A) the Albuquerque Lease Claims do not exist against the Debtors, but are instead claims against one or more subsidiaries of the Debtors, (B) the Albuquerque Lease Claims exceed the cap found in 11 U.S.C. § 502(b)(6), and (C) the Albuquerque Lease Claims lack supporting documentation or sufficient explanation. In addition, the Debtors objected to the Star Buffet Claim No. 41 on the basis that it is duplicative of the Tucson Lease Claims.

## LEGAL ANALYSIS

A proof of claim filed in a bankruptcy proceeding is deemed allowed unless a party-in-interest objects. 11 U.S.C. § 502(a). A properly filed proof of claim, provided it sets forth an amount, constitutes *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f). If an objection is filed, and the objector provides evidence rebutting

the claim, the burden of proof shifts to the claimant to produce evidence of the validity of the claim. *Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992).

Here, the Debtors' objection provides no evidence rebutting any of the claims. Instead, the Debtors have asserted, without support, four bases for disallowing the claims. The Debtor's objections should be overruled for the following reasons.

### A.    "Subsidiary" Objection.

First, the Debtors assert that the claims do not exist against the Debtors, but are instead claims against one or more subsidiaries of the Debtors. This is simply incorrect. As set forth above and in the attached Exhibits to the Declaration, both Summit Family (as lessee and succosor-in-interest) and Star Buffet (as guarantor) are obligated under the Tucson Lease and the Albuquerque Lease.

### B.    "Lease Cap" Objection.

Second, the Debtors assert that the claims exceed the cap found in 11 U.S.C. § 502(b)(6), which provides that a claim is allowed, except to the extent that –

> if such claim is the claim of a lessor **for damages resulting from the termination** of a lease of real property, such claim exceeds—
>
> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
>
> > (i) the date of the filing of the petition; and
> >
> > (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
>
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates; (emphasis added)

The cap set forth in § 502(b)(6) is expressly limited to damages resulting from termination of the lease. By contrast, the Albuquerque Lease Claims and Tucson Lease

Claims are not damages resulting from termination. Recall that the Albuquerque Lease and Tucson Lease had already expired by their own terms on January 31, 2011. That is, the Albuquerque Lease and Tucson Lease had expired, not terminated.. Thus, all of the amounts included in the Albuquerque Lease Claims and Tucson Lease Claims consist of amounts that were due and owing for past due unpaid rent, not damages related to termination of the leases. Thus, the cap in 11 U.S.C. § 502(b)(6) is not implicated.

### C. "Non-Compliant Proof of Claim" Objection.

Third, the Debtors assert that the Albuquerque Lease Claims and Tucson Lease Claims lack supporting documentation or sufficient explanation, such that the Debtors "are unable to determine the nature, validity, and/or appropriate extent of these claims." The Albuquerque Lease Claims and Tucson Lease Claims each included a detailed statement of claim. Regardless, AEI has included additional documentation as exhibits to the Declaration in support of this response and respectfully requests that the Court consider the merits of its claims.

### D. "Duplicative" Objection.

The same claim amounts were filed for the Albuquerque Lease and Tucson Lease in both Summit Family's case and Star Buffet's case because Summit Family and Star Buffet had primary and guaranty liability, respectively. AEI is not seeking a double recovery. If and to the extent that payments are made on the Albuquerque Lease Claims and Tucson Lease Claims by one of the Debtors, AEI would not seek payment of that same portion of the claim from the other Debtor.

# CONCLUSION

AEI respectfully requests that the Court deny the Debtors' objections and allow the Star Buffet Claim Nos. 40 and 41 and the Summit Family Claim Nos. 9 and 10 in their entirety.

Dated:  June 2, 2014

**PERKINS COIE LLP**

By:  */s/ Bradley A. Cosman*
     Jordan A. Kroop (#018825)
     Bradley A. Cosman (#026223)
     2901 North Central Avenue, Suite 2000
     Phoenix, Arizona  85012-2788

Attorneys for Creditor AEI Exchange Services, Inc.

LEGAL121668722.1