John J. Hebert (#010633)
Wesley D. Ray (#026351)
**POLSINELLI PC**
One E. Washington, Suite 1200
Phoenix, AZ  85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
Email:  jhebert@polsinelli.com
Email:  wray@polsinelli.com

*Attorneys for Star Buffet, Inc. and
  Summit Family Restaurants, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STAR BUFFET, INC.,<br><br>       Debtor.<br><br>In re:<br><br>SUMMIT FAMILY RESTAURANTS, INC.,<br><br>       Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:11-bk-27518-BKM<br>Case No. 2:11-bk-27713-BKM<br><br>**Joint Administration Under<br>Case No. 2:11-bk-27518-BKM**<br><br>**MOTION TO APPROVE SETTLEMENT REGARDING THE CLAIM OF K & A BRASHER, LLC** |

Star Buffet, Inc. ("Star Buffet") and Summit Family Restaurants, Inc. ("Summit," and collectively with Star Buffet, the "Debtors") hereby move this Court to enter an order, pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 502, approving the compromise and settlement regarding the claim of K & A Brasher, LLC ("K&A").  The Debtors have engaged in good-faith negotiations with K&A.  The Debtors believe that the settlement sought to be approved herein is in the best interests of their estates, and was reached through the exercise of sound business judgment.  As such, the Debtors respectfully request that the Court approve the settlement described herein, in full.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     JURISDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (B).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief requested in this motion is sought pursuant to Section 502 of the United States Bankruptcy Code, and Rules 3007 and 9019 of the Federal Rules of Bankruptcy Procedure.

## II. FACTUAL AND PROCEDURAL BACKGROUND

5. On September 28, 2011, Star Buffet filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona.

6. On September 29, 2011, Summit filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona.

7. On October 14, 2011, the Court entered its *Order for Joint Administration*, approving the joint administration of the Debtors' bankruptcy cases.

8. On October 17, 2012, the Debtors filed their *Second Amended Joint Plan of Reorganization Dated October 17, 2012* (the "Plan").

9. On December 17, 2012, the Court confirmed the Plan by entry of the *Order Confirming the Second Amended Joint Plan of Reorganization Dated October 17, 2012*.

## III. THE SETTLEMENT REACHED

10. On or about October 12, 2011, K&A filed a proof of claim, identified as claim number 5 on Star Buffet's claim register, asserting that the Debtors were indebted to K&A in the amount of $10,656.67 for goods sold.

11. The Debtors dispute the amount alleged to be owed to K&A.

12. The Parties engaged in good faith arms-length negotiations regarding the amount owed to K&A.

13. To resolve their disputes and to avoid the time and expense involved in litigating the merits of the Proofs of Claim, the Parties have agreed to the terms of the settlement.

14. Ultimately, the Debtors and K&A reached an agreement whereunder K&A agreed, in settlement of the proof of claim, to an allowed claim in the reduced amount of $4,000.00, which

1  such claim to be paid, along with other general unsecured claims, as part of Class 8(A) of the Plan
2  (the "<u>Settlement</u>").

3  **IV.    LEGAL ANALYSIS**

"On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "The bankruptcy court has great latitude in approving compromise agreements" that are fair and equitable. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). "The law favors compromise and not litigation for its own sake[.]" *In re A & C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement is fair and equitable: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises." *In re Woodson*, 839 F.2d at 620 (citations omitted). A settlement does not have to serve, or even touch upon, each of the aforementioned factors in order to be approved, "provided that the factors as a whole favor approving the settlement." *In re Pacific Gas & Electric Co.*, 304 B.R. 395, 417 (N.D. Cal. 2004). The responsibility of the bankruptcy judge is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness, not to decide the numerous questions of law and fact that may be raised regarding the settlement. *Id.* (quoting *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991)); *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Schmitt*, 215 B.R. 417, 423 (9th Cir. BAP 1997). While the Court should consider the reasonable views of creditors, "objections do not rule. It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding, Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In this case, it is obvious that the Settlement is fair, equitable, and beneficial to the Debtors' bankruptcy estates, and, therefore, should be approved by the Court. The Debtors were not prosecuting the proof of claim against K&A, and therefore the Settlement does not deprive the Debtors' bankruptcy estates of any recovery to which they may have been entitled. All that is

being avoided, by way of the Settlement, is the substantial expense, delay, and administrative burden that would necessarily attend litigation with K&A regarding the proof of claim. Such litigation would interfere with the Debtors' ability to successfully manage their ongoing operations, and could materially deplete the resources that would otherwise be available for distribution in accordance with the Debtors' confirmed Plan. Approval of the Settlement, as requested herein, will avoid harmful and needless litigation and reduce the aggregate extent of the allowed claims against the Debtors' bankruptcy estates. Most importantly, approval of the Settlement will allow the Debtors to return their focus and resources to the continued success of their business, and the completion of the relatively few remaining tasks prerequisite to the closure of these bankruptcy cases.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

A. Approving the Settlement in full, and authorizing the Debtors to make any payments, and take any actions, necessary to carry them into effect;

B. Approving and ratifying the Settlement;

C. Allowing and disallowing, as appropriate, the proof of claim of K&A; and

D. Awarding the Debtors any other relief the Court deems necessary or appropriate.

DATED: December 5, 2014.

POLSINELLI PC

By: /s/ *Wesley D. Ray*
John J. Hebert
Wesley D. Ray
One E. Washington Street, Suite 1200
Phoenix, AZ 85004

*Attorneys for Star Buffet, Inc. and
 Summit Family Restaurants, Inc.*

///

///

///

49321211.1

**COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on December 5, 2014, to:

| | |
|---|---|
| Patty Chan patty.chan@usdoj.gov<br>U.S. TRUSTEE'S OFFICE<br>230 N. 1st Avenue, Suite 204<br>Phoenix, AZ 85003 | S. Cary Forrester * scf@forresterandworth.com<br>FORRESTER & WORTH, PLLC<br>3636 N Central Avenue, Suite 700<br>Phoenix, AZ 85012<br>*Attorneys for the Debtors* |
| Thomas E. Littler * telittler@gmail.com<br>Attorney at Law<br>341 W. Secretariat Drive<br>Tempe, AZ 85284-1361<br>*Attorneys for JB's Family Restaurant, Inc.* | Craig S. Ganz *ganzc@ballardspahr.com<br>BALLARD SPAHR LLP<br>One E. Washington Street, Suite 2300<br>Phoenix, AZ 85004-2255<br>*Attorneys for Spirit Master Funding LLC* |
| Jeffrey C. Hampton * jhampton@saul.com<br>Melissa W. Rand * mrand@saul.com<br>SAUL EWING LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>*Attorneys for U.S. Foodservice, Inc.* | Michele Sabo Assayag<br>Jaime K. Shean * efilings@amlegalgroup.com<br>Elizabeth H. Mattis<br>ASSAYAG MAUS<br>2915 Redhill Avenue, Suite 200<br>Costa Mesa, CA 92626<br>*Attorneys for Wells Fargo Bank, NA* |
| Joseph Wm. Kruchek * joe.kruchek@kutakrock.com<br>Kelley E. Braden * kelley.braden@kutakrock.com<br>KUTAK ROCK LLP<br>8601 N. Scottsdale Road, Suite 300<br>Scottsdale, AZ 85253-2742<br>*Attorneys for Wells Fargo Bank, NA* | TENNESSEE DEPARTMENT OF REVENUE<br>c/o TN Attorney General's Office<br>Bankruptcy Division * gill.geldreich@ag.tn.gov<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*Attorneys for Tennessee Dept of Revenue* |
| SIMON PROPERTY GROUP, INC.<br>Ronald M. Tucker * rtucker@simon.com<br>225 West Washington Street<br>Indianapolis, IN 46204<br>*Attorneys for Simon Property Group, Inc.* | Fred King * fbking10@comcast.net<br>FREDERICK B. KING, LLC<br>1200 N. 18th Street, Suite AA<br>Monroe, LA 71201<br>*Attorneys for K & A Brasher, LLC* |
| Donald F. Ennis * dfennis@swlaw.com<br>Benjamin W. Reeves * breeves@swlaw.com<br>SNELL & WILMER, LLP<br>One Arizona Center / 400 E. Van Buren<br>Phoenix, AZ 85004-2202<br>*Attorneys for Stockman Bank of Montana* | John G. Sinodis * jgs@jhc-law.com<br>Bryan W. Goodman * bwg@jhc-law.com<br>JENNINGS HAUG & CUNNINGHAM, LLP<br>2800 N Central Avenue, Suite 1800<br>Phoenix, AZ 85004-1049<br>*Attorneys for Oshunola, LLC and Nareke, LLC* |
| John M. Koneck * jkoneck@fredlaw.com<br>FREDRIKSON & BYRON, PA<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-1425<br>*Attorneys for AEI Fund Management, Inc.* | Steven C. Mahaffy * steve@mahaffylaw.com<br>MAHAFFY LAW FIRM, PC<br>P.O. Box 12959<br>Chandler, AZ 85248<br>*Attorneys for Michael D. Naumes and Susan F. Naumes* |

| | | |
|---|---|---|
| 1 | Gregory J. Gnepper * ggnepper@gblaw.com<br>GAMMAGE & BURNHAM | Dean M. Dinner * ddinner@ngdlaw.com<br>NUSSBAUM GILLIS & DINNER, PC |
| 2 | Two North Central Avenue, 15th Floor<br>Phoenix, AZ 85004 | 14850 N. Scottsdale Blvd., Suite 450<br>Scottsdale, AZ 85254 |
| 3 | *Attorneys for Greenway Leasing, LP* | *Attorneys for Platinum Bank* |
| 4 | Schuyler G. Carroll * SCarroll@perkinscoie.com<br>PERKINS COIE LLP | Richard M. Lorenzen * rlorenzen@perkinscoie.com<br>PERKINS COIE LLP |
| 5 | 30 Rockefeller Plaza, 25th Floor<br>New York, NY 10112 | 2901 N. Central Avenue, Suite 2000<br>Phoenix, AZ 85012-2788 |
| 6 | *Attorneys for the Official Joint Committee of Unsecured Creditors* | *Attorneys for the Official Joint Committee of Unsecured Creditors* |
| 7 | | |
| 8 | Richard J. Feferman * richard@crarecovery.com<br>CORPORATE RECOVERY ASSOCIATES | Grants Pass Shopping Center, LLC<br>C/O Metro Realty Advisors, LLC |
| 9 | 3830 Valley Centre Drive<br>Suite 705-152 | Claudia Salazar<br>3029 Wilshire Blvd., Suite 202 |
| 10 | San Diego, CA 92130 | Santa Monica, CA 90403-2336 |
| 11 | *Business and Financial Advisors to the Official Joint Committee of Creditors Holding Unsecured Claims* | *Authorized Agent for Auerbach Grants Pass, LLC and Freeman Grants Pass, LLC* |
| 12 | | |
| 13 | Andrew Harnisch * andy@mhlawaz.com<br>MINKIN & HARNISCH PLLC | Jordan A. Kroop * jkroop@perkinscoie.com<br>Bradley A. Cosman * |
| 14 | 6515 N. 12th Street, Suite B<br>Phoenix, AZ 85014 | bcosman@perkinscoie.com<br>PERKINS COIE LLP |
| 15 | *Attorneys for Mid South Partners* | 2901 N. Central Avenue<br>Suite 2000 |
| 16 | | Phoenix, AZ 85012<br>*Attorneys for AEI Exchange Services, Inc.* |
| 17 | | |
| 18 | By: /s/ Mary Engel | |