# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STAR BUFFET, INC.,<br><br>Debtor.<br><br>In re:<br><br>SUMMIT FAMILY RESTAURANTS, INC.,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:11-bk-27518-BKM<br>Case No. 2:11-bk-27713-BKM<br><br>**Joint Administration Under**<br>**Case No. 2:11-bk-27518-BKM**<br><br>**STIPULATED ORDER RESOLVING DEBTORS' OBJECTION TO THE CLAIM OF GREENWAY LEASING, L.P.** |

This matter having come before the Court upon the *Objection to Proof of Claim Number 38 Filed by Greenway Leasing, L.P.* (the "Claim Objection") filed by Star Buffet, Inc. ("Star") and Summit Family Restaurants, Inc. ("Summit," and collectively with Star, the "Debtors") in regards to the proof of claim filed by Greenway Leasing, L.P. ("Greenway") on March 9, 2012, docketed as claim number 38 on Star's claim register (the "Proof of Claim"), and upon the stipulation reached by the Debtors and Greenway after good faith negotiations, and with good cause otherwise appearing,

**IT IS HEREBY FOUND, CONCLUDED, AND ORDERED AS FOLLOWS:**

1. This Court has jurisdiction over the Claim Objection and disputes relating to the Proof of Claim pursuant to 28 U.S.C. §§ 157 and 1334, and this matter presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (B).

2. Notwithstanding the amounts, or anything else to the contrary, set forth in the Proof of Claim, pursuant to 11 U.S.C. § 502, Greenway is hereby granted an allowed unsecured claim in the amount of $245,000 (the "Allowed Claim").

3. For the sole purpose of calculating the distributions due to other creditors under the *Second Amended Joint Plan of Reorganization Dated October 17, 2012*, as modified and confirmed by the Court's *Order Confirming the Second Amended Joint Plan of Reorganization Dated October 17, 2012* (the "Plan"), the Allowed Claim will be considered a claim included within Class 8(A) of the Plan.

4. Notwithstanding anything to the contrary contained in the Plan, on account of the Allowed Claim, the Debtors will deliver to Greenway, on the first business day of the indicated month, the following payments:

| Month | Amount |
| --- | --- |
| April, 2015 | $16,666.67 |
| May, 2015 | $16,666.67 |
| June, 2015 | $16,666.67 |
| July, 2015 | $11,333.34 |
| August, 2015 | $11,333.34 |
| September, 2015 | $11,333.34 |
| October, 2015 | $11,333.34 |
| November, 2015 | $11,333.34 |
| December, 2015 | $11,333.34 |
| January, 2016 | $11,333.34 |
| February, 2016 | $11,333.34 |
| March, 2016 | $11,333.34 |
| April, 2016 | $11,333.34 |
| May, 2016 | $11,333.34 |
| June, 2016 | $11,333.34 |
| July, 2016 | $11,333.34 |
| August, 2016 | $11,333.34 |
| September, 2016 | $11,333.34 |
| October, 2016 | $6,666.67 |
| November, 2016 | $6,666.67 |
| December, 2016 | $6,666.67 |
| January, 2017 | $1,666.67 |
| February, 2017 | $1,666.67 |
| March, 2017 | $1,666.67 |

5. Any secured claim held by Greenway that would have fallen within Class 13 of the Plan shall be deemed to be satisfied upon the Debtors' delivery of the payments required hereunder.

6. The treatment and payments set forth in this Stipulated Order shall constitute full satisfaction of any and all claims, demands, and causes of action of whatsoever nature held by Greenway or any of its principals, parent companies, subsidiaries, affiliates, or agents, including, but not limited to, Joy Greenway Groves, against the Debtors or any of their principals, equity holders, subsidiaries, directors, affiliates, or agents. For the avoidance of doubt, and without limiting the foregoing, the treatment and payments set forth in this Stipulated Order shall constitute full satisfaction of (a) any and all claims, demands, or causes of action, whether known or unknown, against the Debtors, or any of their principals, equity holders, subsidiaries, directors, affiliates, or agents, arising from, or relating to, that certain "Net Net Net Lease" relating to the real property located at 9176 Mansfield Road, Shreveport, Louisiana and that certain "Net Net Net Lease" relating to the real property located at 4630 East Texas Street, Bossier City, Louisiana (collectively, the "Leases"), (b) any amounts owing under the Leases or any amendments or renewals thereof, and (c) any order, judgment, or decree entered in connection with the Leases.

7. In negotiating for this *Stipulated Order*, the President and CEO of Star has represented to Greenway that Star Buffet Management, Inc. has no assets and a large negative equity.

8. This stipulated order shall be binding upon, and inure to the benefit of, any and all successors or assigns of the Debtors or Greenway.

9. Nothing herein is, or shall be deemed to be, a finding, conclusion, admission or acknowledgement as to any of the assertions in the Proof of Claim, or the Debtors' liability for any portion of the amounts identified therein.

10. Except as modified herein, the confirmed Plan shall remain in full force and effect.

11. The *Motion for Partial Summary Judgment or Alternatively for Abstention* (the "Motion for Summary Judgment") filed by Greenway on January 22, 2015 is deemed withdrawn, and the hearing on the Motion for Summary Judgment scheduled to occur on March 31, 2015 is hereby vacated.

**DATED AND SIGNED ABOVE**

AGREED AND APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| **POLSINELLI PC** | **GAMMAGE & BURNHAM, P.L.C** |
| By: /s/ *Wesley D. Ray* | By: */s/ Gregory J. Gnepper* |
| Wesley D. Ray | Gregory J. Gnepper |
| One E. Washington Street, Suite 1200 | Two North Central Ave., 15th Floor |
| Phoenix, AZ 85004 | Phoenix, AZ 85004 |
| *Attorneys for the Reorganized Debtors* | *Attorneys for Greenway Leasing, L.P.* |